### JOHN E. MURRAY *v.* THE BULL'S HEAD BANK.

The cashing by one bank of checks or drafts drawn on other banks is legitimate banking business, whether regarded as the making of a collection for account of the customer or dealer, or as a loan or advance made on the faith of the instrument.

*Held*, therefore, where the teller of the defendants' bank cashed a check drawn on another bank, and a part of the payment was a counterfeit bank-bill, that the defendant's bank was liable for the amount of the counterfeit paper to the owner of the check.

An oral complaint in a District Court " on a counterfeit bill passed by the defendants to the plaintiff's assignor in payment of checks, and assigned to the plaintiff $20."—*Held* sufficient.

An assignment in writing of a claim less than fifty dollars in amount is not necessary to entitle the assignee to maintain an action upon it.

Appeal by the defendants from a judgment of the Second District Court.

The complaint was oral " on a counterfeit bill passed by defendants to Gilroy & Reynolds in payment of checks, and assigned to the plaintiff $20." The answer was " a general denial." It appeared on the trial that Reynolds sent one Barrett to the defendants to obtain the money upon two checks drawn upon other banks. In the money received from the defendants for the checks was a $20 counterfeit bill, the amount of which it was sought to recover. The assignment of the claim against the defendants by Gilroy & Reynolds to the plaintiff was not in writing.

The Justice gave judgment for plaintiff for $20, from which judgment the defendants appealed to this court.

*Benj. T. Kissam*, for appellant.

*Respondent*, in person.

BY THE COURT.*—ROBINSON, J.—I can discover no error in the proceedings before the Justice.

The complaint was sufficiently definite to indicate the claim made by plaintiff, as assignee of Gilroy & Reynolds.

No assignment in writing was necessary, the demand being less than $50 (2 Rev. Stat. 136, § 3), and the counterfeit bill was produced in court, and Reynolds testified to the transfer.

The proof showed that Gilroy & Reynolds procured two checks on other banks to be cashed at the defendants' bank.

The defendants' paying teller paid them on account the counterfeit bill. The cashing of checks or drafts on other banks is legitimate banking business, whether regarded as the making of a collection for account of the customer or dealer, or as a loan or advance made on the faith of the instrument. Payment in forged or counterfeit paper was no payment at all, and to that extent the bank remained liable to the parties to whom such payment was originally due, or to their assignees.

The judgment, excepting the Justice's finding of fact upon conflicting evidence, is not subject to any of the exceptions stated in the notice of appeal.

Judgment affirmed.

---

* Present—Daly, Ch. J. Loew and Robinson, JJ.